IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN MICHEL YOUNGELSON AND SURREY WHITE,<br><br>Plaintiff,<br><br>v.<br><br>TOWNE LAKE INSPECTIONS LLC, DAN FLOORMAN, AND RONALD BYRON LOVVORN,<br><br>Defendants. | Civil Action File No.:<br><br>_____ |

# COMPLAINT

Steven Michel Youngelson ("Youngelson") and Surrey White ("White")(collectively, Youngelson and White shall be referred to as "Plaintiffs") brings this Complaint against Towne Lake Inspections LLC ("Defendant LLC"), Dan Floorman ("Defendant Floorman") and Ronald Byron Lovvorn ("Defendant Lovvorn" and together with Defendant LLC and Defendant Floorman, "Defendants") for trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); the Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-390 et seq.; the Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 et seq.; and

1

the common law, and respectfully shows this Court as follows:

**Parties**

1.

Plaintiffs are individuals living in the State of Georgia.

2.

On information and belief, Defendant LLC is a limited liability company organized under the laws of the State of Georgia and administratively dissolved on September 19, 2025.

3.

On information and belief, Defendant Floorman is an individual residing in the State of Georgia.

4.

On information and belief, Defendant Lovvorn is an individual residing at 4010 Watkins Glen Drive, Woodstock, Georgia 30189.

**Jurisdiction and Venue**

5.

This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiff's related state and common law claims is proper under 28 U.S.C. §§ 1338 and 1367.

6.

This Court has personal jurisdiction over Defendants because Defendants have caused harm to Plaintiffs in the State of Georgia. Further, on information and belief, Defendant Floorman and Defendant Lovvorn are residents of the State of Georgia; Defendant LLC is a limited liability company with Defendant Lovvorn, a resident of the State of Georgia; and Defendants regularly conduct business in the State of Georgia.

7.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**Factual Allegations**

8.

Plaintiffs own the famous Follies club located in Chamblee, Georgia. The club is well known throughout the metro Atlanta area ("Follies").

9.

Plaintiffs have been using the word mark FOLLIES (the "FOLLIES Word Mark") in connection with his club since at least as early as 1992. Plaintiffs use the FOLLIES Word Mark in connection with his distinctive logo, which features the FOLLIES Word Mark in green lettering with a pair of legs with red high-heeled

3

shoes bent over the "IES" in the mark (the "FOLLIES Logo" and, together with the FOLLIES Word Mark, the "FOLLIES Marks"). A true and correct copy of the FOLLIES Logo is attached as **Exhibit A**.

10.

The FOLLIES Logo was prominently displayed both on a billboard sign and on the building of Follies.

11.

Follies has been temporarily closed, but Plaintiffs have a bona fide intention to reopen the club in the coming months.

12.

Despite Plaintiffs' longstanding rights in the FOLLIES Marks, Defendants have adopted the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks in connection with their own unaffiliated club (the "Infringing Club"). Defendants are intentionally trying to associate the Infringing Club with Plaintiffs' well-known club and to confuse the public as to the source of their services.

13.

The Infringing Club is using a nearly identical design mark in association with the Infringing Club.

14.

Defendants have created and are using the Instagram handle "@follies_atl" featuring the FOLLIES Logo as the profile picture of their account (the "Infringing Instagram Account").

15.

On June 3, 2025, Defendants posted an image on the Infringing Instagram Account of a sign featuring the FOLLIES Logo with the text "Follies coming back to Atlanta." The post received over 2,300 likes, which signifies the popularity of Follies. A true and correct screenshot of this post is attached as **Exhibit B**.

16.

On July 26, 2025, Defendants posted rotating images of dancers on the Infringing Instagram Account with the text "We are back!!!" A true and correct screenshot of this post is attached as **Exhibit C**.

17.

On August 1, 2025, Defendants posted a video of a woman dancing on a bar on the Infringing Instagram Account with the text "Lindsay at world famous Follies". A true and correct screenshot of this post is attached as **Exhibit D**.

18.

On information and belief, Defendants prominently display the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks throughout their club.

19.

On information and belief, the Infringing Club has received unfavorable reviews. True and correct examples of reviews and comments made in connection with the Infringing Club are attached as **Exhibit E**.

20.

Due to the intentional and obvious infringement, Plaintiffs sent a cease and desist letter to Defendants on or about September 2, 2025. A true and correct copy of the letter is attached as **Exhibit F**.

21.

Defendants failed to respond in any meaningful way to Plaintiffs' demands to cease their infringement.

22.

In fact, even as late as September 23, 2025, Defendants posted an image on the Infringing Instagram, which states "FOLLIES WE'RE BACK AND SENSATIONALLY BETTER." A true and correct copy of this post is attached hereto as **Exhibit G**.

23.

Upon information and belief, Defendants did not own any other FOLLIES marks or businesses prior to the Infringing Club.

24.

As such, they are improperly referencing Follies and indicating that the services are being offered by the same source, intentionally benefitting from the goodwill created by Plaintiffs for Follies and the FOLLIES Marks.

25.

Defendants' infringing behavior and unauthorized use of the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks have damaged and continue to damage the goodwill and reputation of Plaintiffs' FOLLIES Marks.

## COUNT I
## Federal Trademark Infringement

26.

Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

27.

Defendants' use of confusingly similar imitations of the FOLLIES Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are offered or provided by Plaintiffs, are associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

28.

Defendants have used marks confusingly similar to Plaintiffs' FOLLIES Marks in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and,

unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and injury to Plaintiffs' goodwill and reputation as symbolized by the FOLLIES Marks, for which Plaintiffs have no adequate remedy at law.

29.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the FOLLIES Marks to Plaintiffs' great and irreparable harm.

30.

Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II
### Federal Unfair Competition

31.

Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

32.

Defendants' use of the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks has caused and is likely to cause confusion, deception, and

mistake by creating the false and misleading impression that Defendants' services are offered or provided by Plaintiffs, are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

33.

Defendants have made false representations, false descriptions, and false designations of their services in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the FOLLIES Marks, for which Plaintiffs have no adequate remedy at law.

34.

Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the FOLLIES Marks to the great and irreparable injury of Plaintiffs.

35.

Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III
### State Unfair and Deceptive Trade Practices

36.

Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

37.

Defendants have been and are passing off their services as those of Plaintiffs, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' services; causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiffs; and otherwise damaging the public.

38.

Defendants' conduct constitutes unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce in violation of O.C.G.A. § 10-1-393(a) and deceptive trade practices in violation of O.C.G.A. § 10-1-372(a).

39.

Defendants have acted in bad faith by using the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks to intentionally mislead the public and have caused and are likely to cause substantial injury to the public and to Plaintiffs. Accordingly, Plaintiffs are entitled to injunctive relief and to recover damages, punitive damages, treble damages, costs, and reasonable attorneys' fees

under O.C.G.A. § 10-1-373, O.C.G.A. § 10-1-399, O.C.G.A. § 13-6-11, and O.C.G.A. § 51-12-5.1.

## COUNT IV
### Common Law Trademark Infringement and Unfair Competition

40.

Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

41.

Defendants' acts constitute common law trademark infringement and unfair competition and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of Plaintiffs. Plaintiffs have no adequate remedy at law for this injury.

42.

On information and belief, Defendants acted with full knowledge of Plaintiffs' use of and longstanding common law rights to the FOLLIES Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

43.

As a result of Defendants' acts, Plaintiffs have been damaged in an amount to be determined at trial. However, Plaintiffs are at minimum entitled to injunctive relief, an accounting of Defendants' profits, damages, and costs.

44.

Further, because of Defendants' deliberately fraudulent and malicious use of the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiffs are entitled to punitive damages, including but not limited to damages under O.C.G.A. § 51-12-5.1.

## JURY DEMAND

Plaintiffs demand a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

(a) Defendants and all persons acting on their behalf be enjoined preliminarily and permanently from:

1. using the FOLLIES Marks;

2. using any trademark, name, logo, design, or source designation that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the FOLLIES Marks;

3. using any trademark, name, logo, design, or source designation in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiffs, or are sponsored or authorized by Plaintiffs, or are in any way connected

        or related to Plaintiffs;

    4. passing off or assisting in passing off Defendants' goods and services as those of Plaintiffs, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

    5. advertising or promoting Defendants' club or any other goods or services under the FOLLIES Marks;

(b) Defendants be ordered to deliver to Plaintiffs all signage, promotional materials, or other materials bearing the FOLLIES Marks or confusingly similar imitations of the FOLLIES Marks within Defendants' possession, custody, or control;

(c) Defendants be ordered to cease use of the Infringing Instagram Account and to transfer the same to Plaintiffs;

(d) Defendants be compelled to account to Plaintiffs for any and all profits derived by Defendants from the unauthorized use of the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks, including but not limited to profits derived from Defendants' infringing club, as described in this Complaint;

(e) Plaintiffs be awarded all damages caused by the acts forming the basis of this Complaint;

(f) The damages awarded be trebled and the award of Defendants' profits

be enhanced as provided for by 15 U.S.C. § 1117(a) and (b) and O.C.G.A. 10-1-399 due to Defendants' knowing and intentional use of the FOLLIES Marks and confusingly similar imitations of the FOLLIES Marks;

(g) Plaintiffs be awarded punitive damages, including but not limited to damages under O.C.G.A. 10-1-399 and O.C.G.A. § 51-12-5.1, in light of Defendants' willful and deliberate infringement of the FOLLIES Marks, and to deter such conduct in the future;

(h) Defendants be required to pay to Plaintiffs the costs and reasonable attorneys' fees incurred by Plaintiffs in this action pursuant to 15 U.S.C. § 1117(a), O.C.G.A. 10-1-399, and O.C.G.A. § 13-6-11;

(i) Plaintiffs be awarded prejudgment and post-judgment interest on all damages at the highest rate allowed by the law from the date of injury until paid in full; and

(j) Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of October, 2025.

                                                 */s/Melanie K. Lane*
                                                 Zachary C. Eyster
                                                 GA Bar No.: 192335
                                                 Kennington R. Groff

GA Bar No.: 782901
Robin L. Gentry
GA Bar No.: 289899
Melanie K. Lane
GA Bar No.: 831941

BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
kgroff@founderslegal.com
mlane@founderslegal.com
rgentry@founderslegal.com
zeyster@founderslegal.com